Schaffer v. Timberland                    CV-94-634-JD  04/24/95

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Jerrold Schaffer, et al.

   v.                                    Civil No. 94-634-JD

The Timberland Co., et al.


Gershon Kreuser, et al.

   v.                                    Civil No. 95-4-L

The Timberland Co., et al.


CASE MANAGEMENT ORDER

   1.  The court enters the following case management order in
the above-captioned actions ("actions").


**I. CONSOLIDATION**

   2.  The actions are, until further order of this court,
hereby consolidated for all purposes pursuant to Federal Rule of
Civil Procedure 42(a).  This case management order (the "order")
shall apply to the consolidated action, unless altered or amended
by the court.


**II. MASTER FILE, MASTER DOCKET AND SEPARATE ACTION DOCKETS**

   3.  The caption of the consolidated action shall be Jerrold
Schaffer, et al. v. The Timberland Company, et al., and the file
shall be maintained under Civil. No. 94-634-JD.  All further
filings in the consolidated action shall be filed only in Civil

No. 94-634-JD. All documents previously filed and served in either of the actions are deemed to have been filed in and are adopted as part of the record in Civil No. 94-634-JD.

4. The terms of this order shall not have the effect of making any person, firm or corporation a party to any action in which he, she, or it has not been named, served or added as such, in accordance with the Federal Rules of Civil Procedure.

## III. CAPTION

5. Every pleading or document filed in consolidated action shall bear the following caption:

UNITED STATES DISTRICT COURT<br>
DISTRICT OF NEW HAMPSHIRE

Jerrold Schaffer, et al.

    v.                               Civil No. 94-634-JD

The Timberland Company, et al.

## IV. ORGANIZATION OF PLAINTIFFS' COUNSEL

6. The organizational structure established by this order shall bind plaintiffs' counsel in the consolidated action.

7. The law firms of Milberg Weiss Bershad Hynes & Lerach and Stull, Stull & Brody shall serve as plaintiffs' co-lead counsel provided they file, and the court approves, a motion for admission to the bar of this court pro hac vice.

8. The law firm of Hahn & Associates shall serve as

2

plaintiffs' liaison counsel.

9. Plaintiffs' co-lead counsel shall be responsible for coordinating and organizing plaintiffs in the conduct of this litigation and, in particular, shall have the following responsibilities:

(a) To brief and argue motions and file opposing briefs in all matters relating to this consolidated action;

(b) To initiate and conduct discovery proceedings;

(c) To act as spokespersons at all court conferences;

(d) To negotiate with defense counsel with respect to all matters, including settlement, but without authority to enter binding agreements except to the extent expressly authorized;

(e) To call meetings of plaintiffs' counsel when appropriate;

(f) To make all work assignments to plaintiffs' counsel to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive efforts;

(g) To conduct pretrial, trial and post-trial proceedings;

(h) To consult with and employ experts;

(i) To perform such other duties and undertake such other responsibilities as may be incidental to proper coordination of plaintiffs' pretrial, trial and post-trial activities or as may be authorized by further order of the court; and

(j) To coordinate and communicate with defendants' counsel with respect to all matters.

10.  No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff except through plaintiffs' co-lead counsel, unless otherwise ordered by the court.

11.  Plaintiffs' co-lead counsel shall be the contact between plaintiffs' counsel and defendants' counsel as well as the spokespersons for plaintiffs' counsel.  Plaintiffs' liaison counsel shall also be responsible for communicating with the court to coordinate the conduct of the litigation, including the receipt and dissemination of court orders and notices.  Agreements with co-lead counsel are binding on all plaintiffs and their counsel where executed by co-lead counsel in the interest of all plaintiffs.  All communications between the court and plaintiffs' liaison counsel or co-lead counsel, or between defense counsel and plaintiffs' liaison counsel or co-lead counsel, shall be treated as if the court or any of the defense counsel has communicated with all of plaintiffs' counsel in these actions.

12.  Co-lead counsel have accepted a position of leadership in this case and are under a continuing and important obligation to communicate with other plaintiffs and their counsel when faced with major decisions affecting the legal status of the parties.

13.  By consenting to this order, defendants do not concede or waive any argument, defense, motion or objection under the Federal Rules of Civil Procedure or other applicable law relating

4

either to the appropriateness of class certification in this matter or to the capacity of the named plaintiffs or their counsel to represent adequately any alleged plaintiff class.

## V.  SERVICE OF PAPERS

14.  Defendants shall effect service of papers on plaintiffs by serving a copy of same on plaintiffs' co-lead counsel and liaison counsel by:  (i) overnight mail service, (ii) telecopy and first class mail, or (iii) hand delivery.  Plaintiffs shall effect service of papers on defendants by serving a copy of same on all defendants' counsel by:  (i) overnight mail service, (ii) telecopy and first class mail, or (iii) hand delivery.

## VI.  CONSOLIDATED COMPLAINT

15.  Plaintiffs shall file and serve a single consolidated amended complaint (the "consolidated complaint") within sixty days of entry of this order of the court.  The consolidated complaint will supersede all existing complaints filed in the consolidated actions.  Accordingly, defendants need not answer or otherwise respond to the original complaints in the actions.

16.  Plaintiffs' co-lead counsel shall be responsible for preparing and filing the consolidated complaint and any subsequent amended complaints.  The consolidated complaint may be served on those defendants already served with process through their counsel.  Each defendant shall answer or otherwise respond

to the consolidated complaint no later than sixty days from the date of service. However, if defendants move to dismiss the consolidated complaint, and such motion is denied, then defendants shall have twenty days following entry of the order denying said motion to file their answer to the consolidated complaint.

## VII. MODIFICATION OF THIS ORDER

Any party to these actions may move at any time for modification of any part of this order and the court <u>sua</u> <u>sponte</u> may modify any part of this order.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

April 24, 1995

cc:  Edward L. Hahn, Esquire
     Steven E. Grill, Esquire
     John D. Donovan, Esquire